Eric Slocum Sparks
Arizona State Bar No. 11726
LAW OFFICES OF ERIC SLOCUM SPARKS, P.C.
110 South Church Avenue #2270
Tucson, Arizona 85701
Telephone (520) 623-8330
Facsimile (520) 623-9157
law@ericslocumsparkspc.com
eric@ericslocumsparkspc.com

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re: )
)
ARTHUR BENJAMIN TELLEZ and ) No. 4:14-bk-00651-EWH
STELLA D TELLEZ, )
)
) (Chapter 11)
Debtor. )
) DEBTORS' FIRST PLAN OF
) REORGANIZATION DATED
) June 18, 2014
)
_____)

Agustin G Gongora and Evelyn A Gongora, (hereinafter "Debtors"), hereby submit this Plan of Reorganization in accordance with 11 U.S.C. §1121(a).

**I. DEFINITIONS**

As utilized in this Plan of Reorganization (hereinafter "Plan") and in the Disclosure Statement (hereinafter "Disclosure Statement") which accompanies this Plan of Reorganization, the following definitions apply to the following terms:

1. "Adequate information" means information that would enable a hypothetical reasonable investor typical of holders of claims or interest of the Debtors' estate, to make an informed judgment about the Debtors' Plan of Reorganization.

2. "Allowed and Approved Claim" shall mean a timely filed Proof of Claim pursuant to an Order from the Court setting a bar date to which that claim should be filed and no objection to the claim having been filed. If an objection to a claim is filed, said claim will be allowed to the extent ordered by the Court.

1

3. "Bankruptcy Code" shall mean the Bankruptcy Code as set forth in Title 11 of the United States Code.

4. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Arizona.

5. "Confirmation of the Plan" shall mean the entry of an order by the Bankruptcy Court confirming the Plan or Reorganization in accordance with §1129 of the Bankruptcy Code.

6. "Consummation of the Plan" means the accomplishment of all things required or provided for under the terms of the Plan.

7. "Court" shall mean the United States Bankruptcy Court for the District of Arizona.

8. "Creditors" shall mean all persons holding claims for secured and unsecured obligations, liabilities, demands or claims of any nature whatsoever against the Debtor arising at any time prior to confirmation of the Plan and administrative creditors.

9. "Debtors" shall mean the petitioners in the above-captioned Bankruptcy case.

10. "Disclosure Statement" shall mean this Disclosure Statement (hereinafter "Disclosure Statement") filed in this case approved, after notice and a hearing by the Court as being in conformity with §1125 of the Bankruptcy Code.

11. "Disposable Income" that amount of income to be contributed by debtors for a period of 60 months and paid to creditors for allowed claims of creditor on a pro rata basis as a full and final settlement of any and all claims against debtors. The amount of disposable income will be reduced by any allowed administrative fees allowed by this Court.

12. "Effect of Discharge" 11 U.S.C. 1141 d(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan- (A) Discharges the debtor from any debts that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(I) of this title. (2) A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.

13. "Effective Date" shall mean the later of (a) the first business day following the entry of the Court of an order confirming this Plan, or (b) the first business day after such order has become final and unappealable; provided however, no appeal of said order is pending; provided further, the Debtor may

waive the condition that no appeal of the order of confirmation be pending by a writing duly executed by the Debtor and filed with the Court on or before the date which but for the pendency of appeal would become the effective date of the Plan, and in the event that said condition is timely waived by the Debtor, the Plan shall become effective as provided herein notwithstanding the pendency on said date of an appeal or appeals; in the event that said condition is not timely waived, the Plan shall become effective on the first business day after an appeal is no longer pending.

14. "<u>Petition</u>" means the original Chapter 11 Petition filed by the Debtors.

15. "<u>Plan</u>" shall mean the Plan of Reorganization accompanying the Disclosure Statement as it may be amended, modified and/or supplemented pursuant to which the Debtors propose payment in whole or in part of creditors' claims.

16. "<u>Plan distribution date</u>" shall be a date that ends with the first full calendar quarter after the date that the Chapter 11 Plan is confirmed by the Court, which the Debtors project to be December 31, 2014.

17. All other terms not specifically defined by this Disclosure Statement shall have the meaning as designated in §101 of the Bankruptcy Code or, if not contained therein, their ordinary meaning.

## II. CLASSES OF CLAIMS

<u>Administrative Claims</u>.

These claims consist of the expenses of administration of the estate including attorney's fees for Debtors' counsel and any unpaid fees to the U.S. Trustee. The Debtors estimate these costs and expenses may be in excess of $25,000.00.

<u>Tax Claims</u>.

As reflected in the original schedules filed by the Debtors, Debtors estimated tax claims in the amount of $0.00. This does not include any amounts that may be due for ad valorem claims which are secured against real property, if any.

<u>Secured Claims</u>.

As reflected in the original schedules filed by the Debtors, Debtors estimated secured claims in the amount of $523,042.00.

Unsecured Claims.

As reflected in the schedules filed by the Debtors, Debtors estimated unsecured claims in the amount of $50,550.22 which does not include any deficiency amounts for secured creditors.

Domestic Support Claims.

As reflected in the schedules filed by the Debtors, there are no support orders against the Debtors.

### III. TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN

Classes 1 and 13 are not impaired under the Plan in that the Plan does not alter the legal or contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payment over an extended period of time and/or the holder of the claim has agreed to a different treatment.

### IV. TREATMENT OF IMPAIRED CLAIMS UNDER THE PLAN

Classes 2 through 12 are impaired under the Plan in that the Plan does alter the legal or contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payments over an extended period of time and/or the holder of the claims has agreed to a different treatment.

### V. CLASSES OF CLAIMS

*Classification and Treatment of Claims and Interests*

1. *Claim Amounts*: Because certain claims against the Debtor may be unknown or of undetermined amounts, the amounts of claims specified in this Disclosure Statement reflect only the Debtor's best estimate at this time of the amount due. In addition, the amounts of the claims specified in this Disclosure Statement do not include, for example, claims arising from the rejection of certain executory contracts and other contingent or unliquidated claims arising against the debtor.

2. *Effective Date of the Plan*: The "Effective Date" of the Plan is important in determining when performance of many of the Debtor's obligations under the Plan is due. The Effective Date is defined in the Plan as the first business day following the later of the following day;

(I) the date on which the Order confirming the Plan (the "Confirmation Order") becomes final and non-appealable with no appeal then pending.

4

3. *Classification*: The Plan divides claims against the Debtor, into multiple separate classes that the Debtor asserts are in accordance with the Bankruptcy Code. Unless otherwise expressly stated in the Plan, distributions to holders of allowed claims are in full satisfaction of their allowed claims. All claims against the Debtor arising prior to confirmation will be discharged by performance of the Plan on the Effective Date to the extent that such claims are dischargeable under the Bankruptcy Code Section 1141(d).

11 U.S.C. § 1111(b) Election

The Bankruptcy Code provides that a secured creditor may elect to have its entire claim treated as a recourse claim subject to certain exceptions which may not be applicable. If Lender elects to exercise its right to make an election to have its entire claim treated as recourse pursuant to 11 U.S.C. § 1111(b)(2) it will not be entitled to a vote or distribution on its unsecured claim and will not be entitled to interest payments on the unsecured portion of its entire claim.

Other unsecured creditors will not have their unsecured claim affected by Lender's election and will have the allowed amount of their unsecured claims if any paid according to the Plan.

The Plan provides for 13 classes of claims to be paid or administered in the following manner:

5.1  Class 1 - Administrative Claims

These claims are for the expenses of administration of the estate, including attorney fees for Debtors' counsel in the approximate sum of $10,000.00 and unpaid fees to the U.S. Trustee, if any. Debtors believe, at the time that the Debtors' Chapter 11 Plan is confirmed, that there will be an administrative expense claim in the approximate amount of $10,000.00. This claim shall be paid in cash, or in the amounts allowed by the Court upon the Plan distribution date unless otherwise agreed to between the Debtors and the administrative creditor.  **(This class is not impaired.)**

5.2  Class 2 - Priority Claims of Governmental Units

A.     Classification: Class 2 claims consists of all allowed claims of the United States Internal Revenue Service ("IRS") and/or State of Arizona, Department of Revenue ("ADOR") and/or the Arizona Department of Economic Security ("ADES"), City of Tucson or other government agency which are entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code except ad valorem

5

taxes. The IRS has filed a proof of claim in the amount of $200.00. The ADOR has filed an estimated proof of claim in the amount of $1,461.00.

  B. Impairment: Class 2 is impaired.

  C. Treatment: In the event there are determined to be allowed Class 2 claims, each holder of a Class 2 allowed claim shall retain its claim, in accordance with Section 1129 of the Bankruptcy Code. The claim shall bear simple interest at a fixed rate equal to that rate which would be required to be paid as of the Effective Date under Section 6621 and/or 6622 of the Internal Revenue Code, or such other interest rate as the Bankruptcy Court determines is sufficient to confer upon the tax note a value as of the Effective Date equal to the principal amount of such claim. The allowed claim shall be payable in equal monthly installments of principal, along with accrued interest, in deferred cash payments over a period not to exceed five years from the date of petition. The first payment shall commence on the first day of the month immediately following the month of the Effective Date. The claim is subject to prepayment at any time without penalty or premium and shall have such other terms as are required by law.

 5.3 Class 3 - Secured Ad Valorem Real Property Tax Claims

  A. Classification: Class 3 shall consist of pre-petition allowed Ad Valorem Real Property Tax Claims which are secured by liens on real property. Debtors are not aware of any Proofs of Claim filed.

  B. Impairment: Class 3 is impaired.

  C. Treatment: In the event there are determined to be allowed Class 3 claims, each holder of a Class 3 allowed claim shall retain its lien having an aggregate principal amount sufficient to satisfy, in accordance with Section 1129 of the Bankruptcy Code, the allowed claim. Such claim shall bear simple interest at a statutory rate of 16% per annum required to be paid as of the Effective Date, or such other interest rate as the Bankruptcy Court determines is sufficient to confer upon the tax claim a value as of the Effective Date equal to the principal amount of such claim charged by the taxing authority, or the statutory rate of interest. Payments shall be made in equal monthly installments of principal, along with accrued interest, in deferred cash payments over a period not to exceed five years

6

Case 4:14-bk-00651-SHG Doc 61 Filed 06/18/14 Entered 06/18/14 14:53:41 Desc
Main Document Page 6 of 17

from date of petition.  The claim is subject to prepayment at any time without penalty or premium and shall have such other terms as are required by law.

    5.4    Class 4 - Secured Claim of Wells Fargo Financial Arizona, Inc. ("Wells Fargo")

        A.    Classification: Class 4 consists of the first lien claim of Wells Fargo to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 5527 W. Earll Dr. Phoenix, AZ 85031. This claim is evidenced by a promissory note and deed of trust. <u>Wells Fargo has filed a proof of claim in the amount of $101,603.07. The Debtors believe the claim is not fully secured.</u>

        B.    <u>Impairment</u>: Class 4 is impaired.

        C.    <u>Treatment</u>:  Debtor has not recently had the property appraised, but believes the current value of the property is $56,643.00.

IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH WELLS FARGO AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Under § 506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in the collateral and an unsecured claim for the balance, if any, unless the creditor makes a 1111(b) election, and, if eligible, elects to have its claim treated as fully secured. The allowed amount of the creditor's secured claim will be the lesser of value of the creditor's interest in the Debtors' interest in the property as determined under § 506, or the allowed amount of the creditor's claim. Debtor has not recently had the property appraised, but believes the current value of the property is $56,643.00.  The Debtors propose to limit the Class 4 creditor's secured claim to $56,643.00 and to treat the balance of its claim, if any, as an unsecured deficiency claim and treat and pay it as a Class 11 unsecured creditor.

The allowed claim of the Class 4 creditor shall be paid, assuming no 1111(b) election is made by creditor, and secured by the first lien mortgage evidenced by a promissory note and deed of trust, modified as follows:

    1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of 4.75 % per annum fixed, or the rate on the existing note, whichever is less. The Class 4

7

creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of Wells Fargo's claim.

  2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

  3. The note of the Class 4 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 4 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which Wells Fargo had at the petition date other than the deed of trust above described which encumbers the property Wells Fargo shall retain post-confirmation.

  4. The Debtors and the Class 4 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

  5. Any difference between current market value and obligation due lender shall be treated as a Class 11 unsecured claim and will be paid on a *pro-rata* basis from Debtors' disposable income.

 5.5 Class 5 - Second Lien Claim of Wells Fargo Bank, N.A., successor by merger to Wells Fargo National Bank ("Wells Fargo")

  A. <u>Classification</u>: This class consists of the allowed second lien claim of Wells Fargo to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 5527 W. Earll Drive, Phoenix, AZ 85031. This claim is evidenced by a promissory note and deed of trust. Wells Fargo has filed a proof of claim in the amount of $20,435.63. Debtors

8

believe the Class 5 creditor's claim is wholly unsecured.

B. <u>Impairment</u>: Class 5 is impaired.

C. <u>Treatment</u>: The Class 5 claimant, which holds a second position lien on the real property, is believed to be wholly unsecured. The Class 5 creditor shall release its lien upon discharge. Any deficiency amount shall be treated as a Class 11 unsecured claim and paid on a pro-rata basis from Debtors' disposable income.

5.6 Class 6 - Secured Claim of Caliber Home Loans, Inc. ("Caliber")

A. <u>Classification</u>: Class 6 consists of the first lien claim of Caliber to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 7931 Murall Hill Dr., Tucson, AZ 85743. This claim is evidenced by a promissory note and deed of trust. <u>Caliber has filed a proof of claim in the amount of $162,481.15. The Debtors believe the claim is not fully secured.</u>

B. <u>Impairment</u>: Class 6 is impaired.

C. <u>Treatment</u>: Debtor has not recently had the property appraised, but believes the current value of the property is $90,974.00.

IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH CALIBER AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Under § 506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in the collateral and an unsecured claim for the balance, if any, unless the creditor makes a 1111(b) election, and, if eligible, elects to have its claim treated as fully secured. The allowed amount of the creditor's secured claim will be the lesser of value of the creditor's interest in the Debtors' interest in the property as determined under § 506, or the allowed amount of the creditor's claim. Debtor has not recently had the property appraised, but believes the current value of the property is $90,974.00. The Debtors propose to limit the Class 6 creditor's secured claim to $90,974.00 and to treat the balance of its claim, if any, as an unsecured deficiency claim and treat and pay it as a Class 11 unsecured creditor.

The allowed claim of the Class 6 creditor shall be paid, assuming no 1111(b) election is made

9

by creditor, and secured by the first lien mortgage evidenced by a promissory note and deed of trust, modified as follows:

    1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of 4.75 % per annum fixed, or the rate on the existing note, whichever is less. The Class 6 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of Caliber's claim.

    2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

    3. The note of the Class 6 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 6 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which Caliber had at the petition date other than the deed of trust above described which encumbers the property Caliber shall retain post-confirmation.

    4. The Debtors and the Class 6 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

    5. Any difference between current market value and obligation due lender shall be treated as a Class 11 unsecured claim and will be paid on a *pro-rata* basis from Debtors' disposable income.

  5.7  <u>Class 7 - Secured Claim of Ocwen Loan Servicing, LLC, ("Ocwen")</u>

    A.    <u>Classification</u>: Class 7 consists of the first lien claim of Ocwen to the extent of

the value of the secured creditor's interest in the Debtors' interest in the real property located at 7051 N Blue Blvd., Tucson, AZ 85743. This claim is evidenced by a promissory note and deed of trust. Ocwen has filed a proof of claim in the amount of $239,897.29.

      B.      <u>Impairment</u>: Class 7 is impaired.

      C.      <u>Treatment</u>: The Parties have Stipulated to the following treatment:

1. Ocwen shall have secured claim in the amount of $165,000.00 amortized over thirty (30) years at 5.00% interest per annum.

2. Ocwen shall have an unsecured claim for the amount owing under the Note above the Secured Claim, plus Ocwen's attorneys' fees and costs. Ocwen shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend available to general unsecured creditors.

3. Debtors shall tender regular monthly principal and interest payments in the sum of $885.76 to Ocwen for the Secured Claim commencing July 1, 2014, and continuing on the first day of each month thereafter until all such outstanding amounts under the Secured Claim are paid in full.

4. In addition to Principal and Interest Payments, Debtors shall tender monthly escrow payments to Ocwen for real property taxes and real property hazard insurance advances made by Ocwen commencing July 1, 2014. The current monthly escrow payment is $194.44. This amount is subject to change pursuant to the terms of the Subject Loan.

5. Debtors shall cure any post-petition escrow advances made by Ocwen on or before the Effective Date of the Plan as defined herein.

6. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Ocwen's Secured Claim.

    5.8  Class 8 - Secured Claim of TD Auto Finance LLC f/k/a DC Fin Svcs Amer LLC ("TD Auto")

      A.      Classification: This claim consists of the allowed secured claim of TD Auto to the extent of the value of the secured creditor's interest in the Debtor's interest in the personal property known as a 2008 Dodge Ram VIN #1920. This claim is evidenced by a security agreement. <u>TD Auto has filed a proof of claim in the amount of $7,051.98.</u>

11

B. <u>Impairment</u>: Class 8 is impaired.

C. <u>Treatment</u>: The Class 8 creditor will be paid its allowed secured claim in 30 equal monthly installments at five percent (5.0 %) interest, or the rate on the existing note, whichever is less, beginning 30 days after the Effective Date. Any deficiency claim of the Class 8 creditor shall be treated as a Class 11 unsecured claim and paid pro-rata from Debtor's disposable income.

5.9  <u>Class 9 - Secured Claim of Toyota Motor Credit Corporation ("Toyota")</u>

A. <u>Classification</u>: This claim consists of the allowed secured claim of Toyota to the extent of the value of the secured creditor's interest in the Debtor's interest in the personal property known as a 2007 Toyota Tacoma VIN #1870. This claim is evidenced by a security agreement. <u>Toyota has filed a proof of claim in the amount of $3,439.44.</u>

B. <u>Impairment</u>: Class 9 is impaired.

C. <u>Treatment</u>:  The debtors have been making the regular loan payments post petition.  The Class 9 creditor will be paid the balance of  its allowed secured claim at 5% interest beginning on the Effective Date for the existing term of the loan. Any payments made post petition will reduce the amount of the claim.

5.10  <u>Class 10 - Secured Claim of Wells Fargo Bank, N.A., dba Wells Fargo Dealer Services ("Wells Fargo")</u>

A. <u>Classification</u>: This claim consists of the allowed secured claim of Wells Fargo to the extent of the value of the secured creditor's interest in the Debtor's interest in the personal property known as a 2006 Toyota Tacoma VIN #8861. This claim is evidenced by a security agreement. <u>Wells Fargo has filed a proof of claim in the amount of $2,385.19.</u>

B. <u>Impairment</u>: Class 10 is impaired.

C. <u>Treatment</u>:  The debtors have been making the regular loan payments post petition. The Class 10 creditor will be paid the balance of  its allowed secured claim at 5% interest beginning on the Effective Date for the existing term of the loan. Any payments made post petition will reduce the amount of the claim.

5.11  <u>Class 11 - Unsecured Deficiency Claims and Unsecured Claims.</u>

A. Classification: Class 11 consists of all unsecured deficiency claims and unsecured claims against the debtor. <u>Debtors estimated unsecured claims in the amount of $50,550.22,</u> which does not include any deficiency amounts for secured creditors.

B. Impairment: Class 11 is impaired.

C. Treatment: All allowed and approved claims under this Class shall be paid the sum of $150.00 on a quarterly basis, *pro rata*, from Debtors' disposable income, to be paid on the last day of each quarter, beginning with the quarter ending after the Effective Date and anticipated to be December 31, 2014, and continuing each quarter thereinafter for five years. Any liens held by the Class 11 creditors shall be null and void and removed as of the Effective Date.

5.12  Class 12 - Contingent, Unliquidated and Disputed Claims.

A. Classification: Class 12 consists of all contingent, unliquidated and disputed claims.

B. Impairment: Class 12 is impaired.

C. Treatment: Class 12 creditors shall receive no distribution under the Plan.

5.13  Class 13 - Equity Interest.

A. Classification: Class 13 consists of the interests of the Debtors.

B. Impairment: Class 13 is not impaired.

C. Treatment: Debtors shall retain all of their legal and equitable interest in exempt and non-exempt assets of this estate, as provided in the plan.

## VI. DISPUTED CLAIMS

Debtors reserve the right to verify and object to any proof of claim. Payment of disputed claims shall be made only after agreement has been reached between the Debtors and the Creditor or upon the order of the Court. Any and all objections to proofs of claim will be filed within ninety (90) days of the Effective Date of this plan or will be waived.

Case 4:14-bk-00651-SHG    Doc 61    Filed 06/18/14    Entered 06/18/14 14:53:41    Desc
Main Document    Page 13 of 17

## VII. EXECUTORY CONTRACTS

Debtors has a lease with tenants, Debtors are assuming the existing lease in which payments are current.

## VIII. DOMESTIC SUPPORT OBLIGATIONS

As reflected in the schedules filed by the Debtors, there are no domestic support orders against the Debtors.

## IX. MEANS OF EXECUTION/PROJECTION

The Debtors will provide for payment of all timely filed and allowed claims over 60 months. The Debtors shall make payments in the sum of $150.00 per quarter to the Class 11 unsecured creditors, which shall be disbursed as set forth in the Plan  The source of the funds shall come from the Debtors' earned post-petition income and possibly from the refinancing or sale of property of the Debtors. *See 11 U.S.C. §1123(a)(8).*

The 2005 BAPCPA amendments to the Bankruptcy Code added, among other things, section 1129(a)(15). This section requires that upon the objection of an unsecured creditor to the Debtors' plan, the Debtors must either (A) pay the claim in full, or, (B) commit their disposable income to the plan payments for a minimum of 5 years, as determined by §1325(b)(2). Although Debtors believe that projected disposable income is committed to the plan under the current projections, upon an objection to plan confirmation, Debtors will provide a schedule reflecting that projected disposable income has been committed to plan payments.

The Debtor reserves the right to accelerate payment under the Plan from financing obtained from third party financing, although currently Debtor has no plans or ability to do so. Debtor believes that by virtue of Confirmation of the Plan, they will have the ability to pay all allowed and approved claims pursuant to the Plan of Reorganization. The unsecured creditors will be paid a total of $3,000.00 under the Plan of Reorganization.

14

## X. QUARTERLY FEES AND REPORTS

Debtors shall continue to pay quarterly fees to the U.S. Trustee System until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding. Debtor shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization and/or the end of the calendar quarter in which the Plan was confirmed. At such time, Debtor shall cease filing monthly operating reports and shall begin filing quarterly post confirmation reports. These quarterly reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

## XI. IMPLEMENTATION AND CONSUMMATION OF PLAN

The terms of the Plan subsequent to confirmation shall bind the Debtors, any entity acquiring property under the Plan, and any creditor or claimant, whether or not such creditor or claimant has accepted the Plan. All property of the estate shall vest in the Debtors and shall be free from attachment, levy, or garnishment of execution by creditors bound by the Plan.

ALL SECURED CREDITORS SHALL PROVIDE THE DEBTORS WITHIN 60 DAYS OF THE EFFECTIVE DATE, A NEW PAYMENT BOOK REFLECTING AMOUNT OF MODIFIED PAYMENTS, IF ANY AND/OR MONTHLY STATEMENTS REFLECTING THE NEW MONTHLY PAYMENTS AMOUNTS DUE AS SET FORTH UNDER THE TERMS OF THE CONFIRMED PLAN OF REORGANIZATION.

It shall be the obligation of each creditor participating under the Plan to keep the Debtors advised of its current mailing address. In the event any payment tendered to creditors is mailed, postage prepaid, (1) to the address specified in the Debtors' schedules and statement, (2) to the address specified in any proof of claim filed by creditor or claimant here or (3) to the address provided by any such creditor or claimant for purposes of distribution, and if subsequently the Post Office returns such distribution due to a lack or insufficiency of address or forwarding address, the Debtors shall retain such distribution for a period of six months. Thereafter, the distribution shall revert to the Debtors without further Order from

the Court and free and clear of any distributions to any creditor for whom a distribution has been returned by the Post Office. The Debtors reserve the right to modify the Plan in accordance with §1127 of the Bankruptcy Code. The Plan may be modified prior to confirmation provided that the plan still complies with §1122 and §1123 of the Bankruptcy Code. The Plan may be modified subsequent to confirmation and before substantial consummation of the Plan under such circumstances as may warrant such under §1127 of the Bankruptcy Code. Any holder of a claim or interest that has previously accepted or rejected a confirmed Plan, shall be deemed to have accepted or rejected any subsequently modified Plan unless the holder of such claim or interest changes its acceptance or rejection of the Plan within the time fixed by the Court.

## XII. DEFAULT

The Debtors' failure to make any payment due under the Plan within sixty (60) days after demand for payment after its due date shall constitute a default unless the Debtors and the affected creditor agree to delayed payment.

Upon default, creditors may pursue any remedy provided by the state or federal law, including foreclosing any security interest, suing on any promissory note issued or continued in effect under the Plan.

## XIII. RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the allowance of claims or objection to claims. The Court will also retain jurisdiction for purposes of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation, implementation or consummation of the Plan and to implement and enforce the provisions of the Plan. Notwithstanding anything to the contrary contained herein, the Debtors shall not be bound by estoppel, the principles of *res judicata* or collateral estoppel with respect to any term or provision contained herein in the event the Plan is not confirmed.

The Court may enter a Final Decree and retain jurisdiction over this case to reopen the case to provide relief including the entering of a Discharge Order.

RESPECTFULLY SUBMITTED: June 18, 2014.

LAW OFFICES OF
ERIC SLOCUM SPARKS, P.C.

/s/ Sparks AZBAR #11726
Eric Slocum Sparks
Attorney for Debtor

COPIES of the foregoing mailed/delivered/faxed June 18, 2014 to:

UNITED STATES TRUSTEE
230 N. First Ave. #204
Phoenix, Arizona 85003

James E. Shively
Poli & Ball P.L.C.
2999 N. 44th St., Suite 500
Phoenix, AZ 85018
*Attorney for TD Auto Finance LLC f/k/a DC Fin Svcs Amer LLC*

Pite Duncan LLP
4375 Jutland Dr, Suite 200
PO Box 17933
San Diego, CA 92177-0933

Christopher J. Pattock
Office of the United States Trustee
230 N. First Ave Suite 204
Phoenix, AZ 85003-1706


/s/ A. Court-Sanchez

17